# COOS,

---

## JOYSLIN v. TAYLOR.

Where an action is brought by the surviving partner of a firm, the fact that the plaintiff is such surviving partner should appear from the declaration.

Where the plaintiff was described in the writ as surviving partner, and the defendant was alleged to be indebted to him as surviving partner, it was *held*, that the capacity in which he sued was sufficiently apparent.

The declaration alleged that the plaintiff was the surviving partner of the late firm of Joyslin & Norris. *Held*, that this was sufficient, without an averment that there were no other persons in the firm than those named.

ASSUMPSIT. The writ was dated April 12th, 1849, and contained two counts.

The first was as follows: " To answer to Royal Joyslin, of said Lancaster, trader, surviving partner of the late firm of Joyslin & Norris, in a plea of the case, for that the defendant, at said Lancaster, on the day of the purchase of this writ, being indebted to the plaintiff, surviving partner as aforesaid, in the sum of $29, according to the account annexed, in consideration thereof then and there promised the plaintiff to pay him the same on demand." The account annexed contained sundry items, and was headed, "Joseph Taylor to Joyslin & Norris, debtor." The second count was a general one for goods sold and delivered, &c., by the plaintiff to the defendant, and a promise to pay him therefor, without setting forth that he was a member of said firm, or that the goods were sold by the firm.

The plea was the general issue.

The plaintiff introduced the books of the firm, supported by his oath, in which the account annexed to the writ appeared

charged to Joseph. Taylor in the handwriting of Norris, the deceased partner. He then introduced evidence tending to show that two or three years after the date of the account, and during the existence of the firm, Norris demanded of Taylor the pay for the goods, and he refused to pay the same. On the same day Taylor told a witness that he had the goods and had never paid for them, but they could not prove it.

The plaintiff here rested his case, and the defendant moved for a nonsuit.

" 1st. Because the charges on the books of Joyslin & Norris, offered as evidence in support of the plaintiff's claim, were made by Norris to Joseph Taylor, and cannot therefore be competent evidence against this defendant, Joseph *P.* Taylor.

" 2d. Because the plaintiff has declared on a promise to himself, whereas the evidence only tends to show a promise to Joyslin & Norris, during the lifetime of the latter."

The court overruled the motion, deciding that there was evidence competent for the consideration of the jury, and upon which a verdict might be returned, should they find it sufficient; to which ruling the defendant excepted.

The case was then submitted to the jury under the instructions of the court upon the evidence; and the jury having returned a verdict for the plaintiff, the defendant moved to set the same aside, and for a new trial, for supposed error in the decision of the court in overruling the motion for a nonsuit.

The defendant also moved in arrest of judgment, " because it does not appear by the plaintiff's writ who the said Joyslin was the surviving partner of, the declaration simply stating that he was the surviving partner of the late firm of Joyslin & Norris."

*Benton*, for the plaintiff.

*Bellows*, for the defendant.

GILCHRIST, C. J. The first ground for the motion for a nonsuit fails on account of the evidence stated in the case. It is

entirely immaterial whether the charges on the books prove the plaintiff's claim or not, for the case finds that the defendant admitted that he had the goods and had never paid for them.

But it is contended that the plaintiff has declared on a promise to himself, while the evidence tends to prove only a promise to Joyslin and Norris, during the lifetime of the latter.

In the case of *Jell* v. *Douglas*, 4 B. & A. 374, the plaintiff declared on a promise to himself alone. He was a surviving partner, but that fact did not appear in the declaration. There was proof of it, however, upon the trial. It was contended that this was a variance, as the contract stated in the declaration was with the plaintiff alone, while that given in evidence was with the plaintiff and another. It was said by *Abbott,* C. J., that if one of two joint contractors sue, both being alive, that is a variance, and a good defence upon the general issue ; and that it seemed therefore to be reasonable that where a surviving joint contractor sues, the fact of his being survivor should appear in the declaration. In the case of *Webber* v. *Tivill*, 2 Saund. 121, n. 1, it is said that if any of the persons with whom a contract has been made are dead, that fact should be stated.

In the case of *Israel* v. *Simmons*, 2 Stark. Rep. 314, the action was brought by four plaintiffs to recover sums alleged to be due for seats in a Jewish synagogue. It appeared on the trial that there were formerly five persons to whom the rent was due, but that one of them, Jacob Hart, died after the time when the rent accrued which was sought to be recovered. The declaration stated that the defendant was indebted to the plaintiffs, but the fact of their survivorship was not alleged, and upon the objection that the declaration was not supported by the evidence, the plaintiffs were nonsuited. *Fitzgerald* v. *Boehm*, 6 Moore 332.

In the present case the plaintiff is described as surviving partner, and the debt is alleged to be due him in that capacity, and the motion for a nonsuit must be overruled.

The defendant moves in arrest of judgment, because it does not appear by the writ of whom the plaintiff was the surviving

partner. It appears that he was the surviving partner of the firm of Joyslin & Norris; and if it is necessary to go farther, and exclude the conclusion that there was a dormant partner, not named, then the motion must prevail. But in an action by a firm the name of a dormant partner need not be used. *Clark* v. *Miller*, 4 Wend. 628; *Clarkson* v. *Carter*, 3 Cowen 84. It is not necessary that the dormant partner should join with the ostensible partners of the firm in an action against a person who dealt only with the ostensible partners. *Lloyd* v. *Archbowle*, 2 Taunt. 324. If, then, it be not necessary that they should join in a suit, it is unnecessary that they should be named as members of the firm of which the plaintiff was the surviving partner, or that it should be averred that there were no other partners than Joyslin and Norris. We think, therefore, that the motion should be overruled.

*Judgment on the verdict.*